# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00219 (3) |
| | ) | Judge Sharp |
| TIMOTHY MAURICE CAREY | ) | |

## ORDER

After being indicted for conspiring to possess with the intent to distribute five or more kilograms of cocaine, Defendant Timothy Carey filed a "Motion to Divest Motor Vehicle From Forfieture [sic] Count and Request for Remission of Property." (Docket No. 61). By way of that Motion, Defendant asks "the Court to divest certain motor vehicle from the Forfeiture Count in the . . . Indictment, and to return the same to the rightful owners." (Id. at 1). Defendant identifies the vehicles as "a 1999 Harley Davidson Electra Glide Motor Cycle belonging to Dukes Automotive Services"; "a 1996 Ford Econoline Van belonging to Theodore Howard Cunningham"; "a 2002 Chevrolet Avalanche belonging to Juanita Bell"; "a 2006 Dodge Charger SXT belonging to Tim Carey"; and "a 2003 Nissan Murano belonging to Yakendra Barr." (Id.).

As the Government points out in its response, however, the forfeiture allegation specifically identifies the property to be forfeited to be "$90,000 in United States currency" and/or "a money judgment in an amount to be determined representing the amount of gross drug proceeds obtained as a result of such offense." (Docket No. 32 at 2). None of the listed vehicles are identified in the forfeiture count.

Arguably, the forfeiture count could be read to include more than cash or a money judgment because it requests that Defendant forfeit "any property constituting or derived from, any proceeds

1

[Defendants] obtained, directly or indirectly" as the result of the conspiracy. (Id.). Even if so read, however, the vehicles that Defendant seeks to exclude from forfeiture are the subject of administrative forfeiture proceedings, and "[a] motion under 18 U.S.C. § 983(e) is 'the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute[.]'" In re $20,000 in U.S. Currency, 523 F. App'x 322, 323 (6th Cir. 2013) (citation omitted). Moreover, a party contesting forfeiture "'must have statutory standing through compliance with [the Supplemental Rules for . . . Asset Forfeiture Actions], as well as the Article III standing,'" with the latter requiring "'a colorable ownership, possessory or security interest in at least a portion of the . . . property.'" United States v. $677,660.00 in U.S. Currency, 513 F. App'x 531, 532 (6th Cir. 2013) (quoting United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir.1998)).

Defendant's Motion does not suggest that he has any ownership interests in the vehicles, except with respect to the Dodge Charger. But even as to that vehicle, Defendant's remedy is a challenge in the administrative forfeiture proceedings, not by way of a Rule 41(g) motion[1] in this Court. See United States v. King, 442 F. App'x 212, 213 (6th Cir. 2012); Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (5th Cir. 2005).

Accordingly, Defendant's Motion to Divest (Docket No. 61) is hereby DENIED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] Rule 41(b) of the Federal Rules of Criminal Procedure allows the filing of a motion for return of property that is unlawfully seized. "Rule 41, however, cannot be used to recover property that has been forfeited to the government in a civil forfeiture proceeding." United States v. Garza, 486 F. App'x 782, 784 (11th Cir. 2012).